HONORABLE MARSHA J. PECHMAN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SUSAN CUSTER, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHANDLER SMITH and "JANE DOE" SMITH, husband and wife and the marital community composed thereof, BNSF RAILWAY COMPANY, a Delaware corporation licensed to do business in the State of Washington, and JOHN DOE BUSINESS ENTITIES I-V; jointly and severally,<br><br>　　　　　　Defendants. | No. 2:20-cv-00757-MJP<br><br>**ORDER GRANTING STIPULATION FOR CONDUCTING REMOTE DEPOSITIONS** |

THIS MATTER comes before the court by stipulation of the parties requesting Conducting Remote Depositions. IT IS HEREBY ORDERED, as follows:

1. All depositions shall be conducted remotely using video technology, and each deponent may be video-recorded.

2. The Parties shall use a licensed court reporting company, such as Veritext, for court reporting, videoconference and remote deposition services. An employee or contractor of such deposition service may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer any virtual breakout rooms.

ORDER - 1
[2:20-cv-00757]

**MONTGOMERY SCARP & CHAIT, PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

3. These remote depositions, including the video recordings thereof, may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Each such person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. No one shall be in the room with the deponent.

5. No person, including counsel, shall engage in any private conference with the witness, including through text message, electronic mail, or the chat feature in the videoconferencing system, unless and until the deposition is taken off the record. If the need to determine whether a privilege should be asserted, counsel shall expressly make that representation, and the parties will go off the record, during which time, that issue, and solely that issue, may be discussed outside the presence of the other parties.

6. Remote depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

7. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. If being video recorded, the deposition

ORDER - 2
[2:20-cv-00757]

MONTGOMERY SCARP & CHAIT, PLLC
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

service will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

8. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

9. The Party that noticed the deposition shall provide the deposition service with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

10. At the beginning of each deposition, consistent with Federal Rule of Civil Procedure 30(b)(5)(A), the employee or contractor of the deposition service responsible for video-recording the deposition shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present.

11. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the employee or contractor of the deposition service responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

12. The Parties shall work collaboratively and in good faith with the deposition service to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties shall work

ORDER - 3
[2:20-cv-00757]

MONTGOMERY SCARP & CHAIT, PLLC
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

13. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

14. This Stipulation and Order applies to remote depositions of non-parties under Rule 45 and the Parties shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

15. Any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

    a. Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other

ORDER - 4
[2:20-cv-00757]

MONTGOMERY SCARP & CHAIT, PLLC
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

1    Party's counsel, and the court reporter prior to mailing the documents and

2    shall provide tracking information for the package. Such documents shall be

3    delivered by 12:00 pm PT the business day before the deposition. Counsel for

4    the deponent, the other Party's counsel, and the court reporter shall confirm

5    receipt of the package by electronic mail to Counsel noticing the deposition. If

6    physical copies are mailed, every recipient of a mailed package shall keep the

7    package sealed until the deposition begins and shall only unseal the package

8    on the record, on video, and during the deposition when directed to do so by

9    the counsel taking the deposition. This same procedure shall apply to any

10   physical copies of documents any other counsel intends to use for examining

11   the witness.

12   b.  Counsel noticing the deposition may choose to send a compressed .zip file of

13   the documents that may be used during the deposition via electronic mail to

14   the deponent, the deponent's counsel, the other Party's counsel, and the court

15   reporter. The .zip file shall be delivered by 12:00 pm PT the business day

16   before the deposition. Counsel for the deponent, the other Party's counsel, and

17   the court reporter shall confirm receipt of the .zip file by electronic mail to

18   Counsel noticing the deposition. The .zip file shall be password protected, and

19   counsel taking the deposition shall supply the password via electronic email

20   immediately prior to the commencement of the deposition. Every recipient of

21   a .zip file shall not open the .zip file until the deposition begins and when

22   directed to do so by the counsel taking the deposition. If sending documents

ORDER - 5
[2:20-cv-00757]

MONTGOMERY SCARP & CHAIT, PLLC
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

c. Counsel may introduce exhibits electronically during the deposition, by using the deposition service document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

16. All deponents receiving documents before or during a deposition, pursuant to Paragraph 15 above, shall destroy the documents following the deposition, and shall not retain them in any manner.

17. Counsel for the Parties may keep any document or exhibit used during the deposition. Counsel for the Parties shall destroy any documents not used during the deposition, following the completion of the deposition, and shall not retain them in any manner.

18. Counsel for third-party witnesses may keep any document used during the deposition, and shall destroy any documents not used during the deposition following the completion of the deposition, and shall not retain them in any manner.

IT IS SO ORDERED this 10th day of November, 2020.

Marsha J. Pechman
United States District Judge

ORDER - 6
[2:20-cv-00757]

**MONTGOMERY SCARP & CHAIT, PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

Submitted by:

Montgomery Scarp & Chait PLLC

 s/ *Michael Chait*
Michael Chait, WSBA # 48842
1218 Third Ave., Suite 2500
Seattle, WA 98101
Tel. (206) 625-1801
Fax (206) 625-1807

mike@montgomeryscarp.com
*Counsel for Defendant*


GLP Attorneys, P.S., INC

*s/Sarah Fleming*
Sarah Fleming, WSBA #43304
2601 Fourth Avenue, Floor 6
Seattle, WA  98121
Tel. (206) 388-1375
Fax (206) 488-4640

sfleming@glpattorneys.com
*Counsel for Plaintiff*

ORDER - 7
[2:20-cv-00757]

**MONTGOMERY SCARP & CHAIT, PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807