UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CUSTER,<br><br>                    Plaintiff,<br><br>        v.<br><br>CHANDLER SMITH, et al.,<br><br>                    Defendants. | CASE NO. C20-757 MJP<br><br>ORDER GRANTING MOTION FOR RULE 35 PSYCHOLOGICAL EXAMINATION |

THIS MATTER comes before the Court on the Parties' Joint Submission Regarding the Rule 35 Psychological Examination of Plaintiff. (Dkt. No. 21.) Having considered the Joint Submission, declarations, and all related documents, the Court GRANTS the motion and ORDERS Plaintiff to submit to an independent medical examination.

Federal Rule 35(a)(1) provides that the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." In <u>Schlagenhauf v. Holder</u>, the U.S. Supreme Court held that, where the opposing party places the condition of the person to be examined in

controversy, the moving party must make "an affirmative showing . . . that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." 379 U.S. 104, 119 (1964).  Reliance on conclusory allegations in the pleadings or a showing of mere relevance to the case is insufficient.  See <u>Davis v. City of Ellensburg</u>, 651 F. Supp. 1248, 1258 (E.D. Wash.  1987).

The Court finds that Plaintiff's mental condition is in controversy here, and good cause exists for her to submit to a mental examination.  Plaintiff claims she suffered mental and emotional distress as a direct and proximate result of Defendants' negligence.  (Dkt. No. 1, Ex. 2 ("Compl.").)  During discovery, Plaintiff elaborated on the mental and emotional injuries she is claiming in this lawsuit, "include[ing] but not limited to" "loss of sleep, weight gain, negative self-perception, depression, fear and anxiety of driving, fear of re-injury, dread, grief for her life before the collision, exhaustion, overwhelm, and at times, that the odds stacked against her feel insurmountable." (Dkt. No. 21, Declaration of Michael Chait ("Chait Decl."), Ex. 1 at 7.)  According to Plaintiff, this mental anguish lasted for nearly two years and required her to attend 13 counseling sessions with a clinical psychologist, who diagnosed Plaintiff with an adjustment disorder.  (Dkt. No. 21 at 9-10.)  Plaintiff's years of mental anguish, psychiatric diagnosis, and extended treatment history go well beyond garden-variety mental distress and Defendants should have the opportunity to independently evaluate and challenge Plaintiff's claims.

**Conclusion**

Given Plaintiff has alleged extensive emotional distress that lasted for nearly two years and required 13 counseling sessions, the Court finds that good cause exists for the Plaintiff to submit to an independent medical exam regarding her claimed mental and emotional damages.

1 | The Court therefore GRANTS Defendants' motion and ORDERS Plaintiff to submit to an
2 | independent medical examination by Defendants' qualified expert.
3 |     In deference to Plaintiff's request for additional time to hire her own psychiatric expert
4 | and to the Court's trial schedule, the trial date shall be changed from September 13, 2021 to
5 | October 25, 2021. A new scheduling order will follow.
6 |
7 |     The clerk is ordered to provide copies of this order to all counsel.
8 |     Dated April 2, 2021.

                                          Marsha J. Pechman
                                          United States Senior District Judge